**E-FILED**
Wednesday, 30 October, 2013  11:53:15 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DONNEL WRIGHT, | ) | |
| | ) | |
|   Plaintiff, | ) | |
| | ) | |
|   v. | ) | 13-CV-3087 |
| | ) | |
| OFFICER GASKO, et al., | ) | |
| | ) | |
|   Defendants. | ) | |

## MERIT REVIEW OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se, seeks leave to proceed in forma pauperis on a claim that Defendants used excessive force against Plaintiff while Plaintiff was incarcerated in Western Illinois Correctional Center.  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  Plaintiff has been released from prison.

Upon review of the Complaint, the Court concludes that Plaintiff states an Eighth Amendment excessive force claim against Defendants.  Also, Plaintiff arguably states an equal protection claim that the excessive force was motivated by Plaintiff's race.

**IT IS THEREFORE ORDERED:**

1)      Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states excessive force and equal protection claims.  This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)      No filing fee will be collected because Plaintiff is indigent and has been released from prison.

3)      Plaintiff's moves for the appointment of counsel (d/e 4). The Court concludes that Plaintiff appears competent to proceed pro se based on the limited record at this stage.  Plaintiff has personal knowledge of the alleged events in this case and should be able to obtain corroboration of his claims through medical records and witnesses.  Additionally, Plaintiff is no longer in prison, which should make the pursuit of this case easier.

4)      This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an

opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

5)    The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6)    With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7)     Defendants shall file an answer within 60 days of the date the waiver is sent by the clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

8)     This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin

until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9)     Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10)     **If a Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

**IT IS FURTHER ORDERED**:  1)  **The clerk is directed to attempt service on Defendants pursuant to the standard procedures; 2) Plaintiff's petition to proceed in forma pauperis is granted (d/e 3); and, 3) Plaintiff's motion for appointed counsel is denied (d/e 4).**

ENTERED: 10/30/2013

FOR THE COURT:

<u>__s/Sue E. Myerscough__</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE