UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONNEL WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-3087 |
| | ) | |
| DAVID M. GASKO, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging constitutional violations for excessive force and equal protection that occurred during his incarceration at Western Correctional Center. Matter is before the Court for ruling on Defendant's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies. Failure to exhaust is an affirmative defense, and therefore the burden of proof lies with the defendants. Turley v. Rednour, 729 F.3d 645, 650 (7th Cir. 2013). The Court must hold an evidentiary hearing if a disputed issue of material fact exists, see Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008), but where none is present, an evidentiary hearing is

unnecessary and the issue of exhaustion may be decided as a matter of law. Doss v. Gilkey, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009).

## BACKGROUND

Plaintiff alleges that on July 3, 2012, prison officials at Western Correctional Center ("Western") used excessive force against him. Plaintiff also alleged a colorable equal protection claim, alleging that the use of excessive force was motivated by race.

According to records from Western, Plaintiff filed two grievances after the incident occurred. The first grievance, filed July 3, 2012, alleged that Plaintiff suffered back and wrist pain, along with facial swelling. (Doc. 23-1 at 4). Plaintiff alleged that he did not receive treatment and requested to be seen by the nurse. The grievance does not describe how Plaintiff received these injuries. The second grievance, filed July 15, 2012, states that Plaintiff was charged with disciplinary infractions allegedly related to Plaintiff's claims in the present lawsuit. (Doc. 23-1 at 6-7).

The grievance officer denied both grievances on October 16, 2012 and October 15, 2012, respectively. (Doc. 23-1 at 5, 8).

Shortly thereafter, the Chief Administrative Officer ("CAO") concurred with the grievance officer's decision on both grievances. Id.

A search of records with the Administrative Review Board ("ARB") indicates that Plaintiff never appealed these grievances to the ARB. Knauer Aff. ¶7.

Plaintiff filed the present lawsuit on January 25, 2013. The Court found that Plaintiff stated a claim, and the case proceeded to the discovery phase. Defendant's filed a Motion for Summary Judgment (Doc. 22) on October 8, 2014. As of the date of this Order, Plaintiff has not filed a response, nor has he filed a motion requesting an extension of time to do so.

## ANALYSIS

The Prison Litigation Reform Act requires that prisoners exhaust all available administrative remedies prior to filing suit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a). The purpose of this requirement is to "alert the state to the problem and invite corrective action." Turley, 729 F.3d at 649 (internal citations omitted). The Seventh Circuit has adopted a strict compliance standard to exhaustion, and to exhaust remedies "a prisoner must

properly use the prison's grievance process." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). In other words, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). If the prisoner fails to follow the grievance procedures, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." Id.; see Dole, 438 F.3d at 809 (quoting same). A prisoner, however, may satisfy the requirements of § 1997e if administrative remedies become unavailable, such as when a prison official fails to respond to a properly filed grievance. See Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) ("[W]e refuse to interpret the PLRA 'so narrowly as to . . . permit prison officials to exploit the exhaustion requirement through indefinite delay in responding to grievances.'" (quoted cite omitted)).

The Illinois Administrative Code establishes the grievance procedures for IDOC inmates. Inmates unable to resolve their issues informally with prison staff may file a written grievance on a form provided by the prison. 20 ILL. ADMIN. CODE § 504.810(a). The grievance must be filed "within 60 days after the discovery of the

incident, occurrence, or problem that gives rise to the grievance." Id. § 504.810(a). A grievance officer considers each grievance and submits a recommendation to the Chief Administrative Officer, who notifies the inmate of his decision. Id. § 504.830(d). An inmate may appeal the CAO's decision to the Administrative Review Board ("ARB"), but must do so within 30 days of the decision. Id. § 504.850(a). Once the ARB issues a decision on a properly appealed grievance, an inmate has no further administrative recourse.

Defendants' argument is two-fold: Plaintiff never filed a grievance for the July 3, 2012 incident as it relates to his excessive force and equal protection claims; and, even if he did, Plaintiff did not properly exhaust his administrative remedies because he did not file an appeal with the Administrative Review Board. Plaintiff has not provided any evidence or argument to the contrary.

Arguably, Plaintiff described the events of July 3, 2012 in his second grievance filed July 15, 2012, though Plaintiff's intentions in filing the grievance appear to be related to his disciplinary issues. The Court, however, need not decide this issue because Plaintiff's failure to appeal, and therefore complete the grievance process, is dispositive. See Dole, 438 F.3d at 809 (strict compliance with

prison administrative rules is required). In addition, there is no evidence in the record to support a finding that the grievance process became unavailable. The Court finds that Plaintiff's failure to exhaust was a result of his own actions, and not attributable to the actions of prison officials. Therefore, the Defendants' Motion for Summary Judgment is granted. See Pavey, 544 F.3d at 742 (holding that if the Court finds that failure to exhaust was the prisoner's fault, then the case is over).

**IT IS THEREFORE ORDERED:**

1) **Defendant's Motion for Summary Judgment [22] is GRANTED. The case is dismissed without prejudice. All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs. All deadlines and settings on the Court's calendar are vacated.**
2) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis should identify the issues Plaintiff will present on appeal. *See* Fed. R. App. P. 24(a)(1)(c).**

ENTERED:     March 31, 2015

FOR THE COURT:

        *s/Sue E. Myerscough*
        SUE E. MYERSCOUGH
     UNITED STATES DISTRICT JUDGE